Filed
D.C. Superior Court
04/28/2016 20:08PM
Clerk of the Court



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

GLORIA HACKMAN, Individually and on behalf of the General
Public of the District of Columbia
_____
                                    Plaintiff

vs.                                             Case Number   2016 CA 003174 B
                                                            _____

SAVE-A-LOT, LTD. d/b/a Mantia's
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jason S. Rathod
_____
Name of Plaintiff's Attorney

412 H St NE, Suite 302
_____
Address
Washington DC 20002
_____

202-509-5951
_____
Telephone

*Clerk of the Court*

By _____
                    Deputy Clerk

Date     **04/28/2016**

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                          Demandante

            contra                                    Número de Caso: _____

_____
                          Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                          Por: _____
_____                      Subsecretario
Dirección

                          Fecha _____
_____
Teléfono
如需翻譯,請打電話 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오.      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

GLORIA HACKMAN, Individually and on behalf
of the General Public of the District of Columbia

Case Number: **2016 CA 003174 B**

Date: **April 27, 2016**

vs

SAVE-A-LOT, Ltd. d/b/a Mantia's

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*   Jason S. Rathod | Relationship to Lawsuit |
| Firm Name:   Migliaccio & Rathod LLP | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.:         Six digit Unified Bar No.:<br>202-509-5951         1000882 | ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury        ☐ 6 Person Jury        ☒ 12 Person Jury

Demand: $_____        Other: _injunctive relief and individual monetary damages
specified and believed to be in excess of the jurisdi
amount

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____        Judge: _____        Calendar #:_____

Case No.:_____        Judge: _____        Calendar#:_____

---

NATURE OF SUIT:        *(Check One Box Only)*

**A. CONTRACTS**                                   **COLLECTION CASES**

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property |    Over $25,000 Pltf. Grants Consent |    Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees |    Under $25,000 Pltf. Grants Consent |    Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| |    Award (Collection Cases Only) | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander |    Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 19 Wrongful Eviction |
| ☒ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud |    Not Malpractice) | ☐ 23 Tobacco |
| | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

*Jason Rathod*
_____
Attorney's Signature

4/27/2016
_____
Date

CV-496/ June 2015

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

GLORIA HACKMAN                          :
*Individually and on Behalf of All*     :
*Others Similarly Situated and the*     :
*General Public of the District of*     :
*Columbia*                              :
27 O St., NW, Apt 212                    :        Case No.:  2016 CA 003174 B
Washington, DC 20001                    :        Judge:
                                        :
          Plaintiff,                    :
                                        :
v.                                      :
                                        :        **CLASS ACTION COMPLAINT**
SAVE-A-LOT, LTD. d/b/a Mantia's         :
100 Corporate Office Dr.                :        **JURY TRIAL DEMANDED**
Earth City, MO 63045                    :
                                        :
          Defendant.                    :

## PRIVATE ATTORNEY GENERAL AND CLASS ACTION COMPLAINT

**COMES NOW** Plaintiff Gloria Hackman, on behalf of herself, all other persons similarly situated and the general public of the District of Columbia ("Plaintiff"), by and through undersigned counsel, and pursuant to DC Code §28-3905 makes this Complaint against Defendant Save-A-Lot, Ltd. d/b/a Mantia's ("Save-A-Lot" or "Defendant"). In support of this Complaint, Plaintiff states the following:

### JURISDICTION

1.      Exclusive subject matter jurisdiction of the Court is invoked pursuant to D.C. Code §28-3905(k)(2), and by virtue of the fact that all acts and omissions complained of occurred in the District of Columbia.

2.      This Court has personal jurisdiction over each Defendant pursuant to D.C. Code § 13-423(a) and § 13-422.

3.      Venue lies in the Superior Court of the District of Columbia as the cause of action arose in the District of Columbia.

## PARTIES

4.      Plaintiff Gloria Hackman is an adult resident of the District of Columbia and a consumer and member of the general public.

5.      Save-A-Lot is a corporation organized under the laws of the State of Missouri with its principal office at 100 Corporate Office Dr. Earth City, MO 63045.

6.      Save-A-Lot operates around 1,334 grocery stores across 38 states and the District of Columbia in the United States, which generated $4.6 billion in fiscal 2015 sales from its 4,000,000-plus weekly shoppers.

## BACKGROUND

7.      Each of the preceding paragraphs is incorporated by reference herein.

8.      Defendant develops, distributes, advertises and sells numerous products across the United States under its private label brands, which account for approximately 60 percent of its sales.

9.      Speaking to the purported quality of its private label brands, and how they drive business, Defendant's former President and CEO Bill Shaner said "What's on the package is not as important as what's in the package. ... If the quality isn't there, then [vendors] lose Save-A-Lot's business.  We want our customers to be satisfied."

10.     Defendant has developed, distributed, advertised and sold the product at issue here – "Mantia's 100% Grated Parmesan Cheese" ("Parmesan Cheese") – at its retail locations nationwide, including at its retail locations in the District of Columbia.

2

11.     These products are sold and purchased for personal use and consumption in the District of Columbia.

## THE SALE OF CELLULOSE-LADEN PARMESAN CHEESE
## AS A DECEPTIVE PRACTICE

12.     Each of the preceding paragraphs is incorporated by reference herein.

13.     Packages and their labels should enable consumers to obtain accurate information as to the nature and quality of the contents and should facilitate value comparisons. When this information is misrepresented, it is deceptive and allows a person, manufacturer, or retailer to mislead consumers such as Gloria Hackman.

14.     The container for Mantia's Parmesan Cheese contains a single, conspicuous marketing representations: "100% Grated Parmesan Cheese":



15. This representation leads reasonable consumers to believe that the product is, in fact, one hundred percent comprised of parmesan cheese and does not contain substitutes or fillers.

16. Independent laboratory testing completed at the direction of Ms. Hackman revealed that the Parmesan Cheese contained 29.62 percent cellulose.

17. Cellulose is made from wood pulp and can be used as a filler in food products.

18. Save-A-Lot's use of 29.62 percent cellulose filler in its "100% Grated Parmesan Cheese" is a deceptive practice.

19. Testing of other companies' grated parmesan cheese showed very low cellulose levels and also displayed no issues with caking, which low levels of cellulose can prevent. Safeway's "Signature Kitchens" brand had cellulose levels of 0.31 percent and Target's "Market Pantry" brand had cellulose levels of 0.30 percent.

20. Save-A-Lot's sale of the Parmesan Cheese with cellulose is a deceptive practice as Save-A-Lot is using the cellulose as filler.

21. Save-A-Lot's sale of the Parmesan Cheese with filler is deceptive to consumers, including Ms. Hackman, because the front of the package conspicuously touts that it contains "100% Grated Parmesan Cheese."

22. Save-A-Lot's sale of the Parmesan Cheese with filler is deceptive to consumers, including Ms. Hackman, because there is no practical way for them to know, particularly prior to purchase, that the Parmesan Cheese contains such filler.

**PURCHASES**

23. Each of the preceding paragraphs is incorporated by reference herein.

24. On or about March 1, 2016 Plaintiff Gloria Hackman purchased Save-A-Lot's

4

Parmesan Cheese at the Save-A-Lot store located at 528 Rhode Island Ave NE, Washington DC 20002.

25.     This product was sold in a container that contained the single conspicuous marketing representation: "100% Grated Parmesan Cheese."

26.     The package was sealed and unable to be opened, inspected and tested prior to purchase.

27.     Gloria Hackman purchased the product for testing and evaluation purposes on her behalf and for the general public.

28.     Upon information and belief, Save-A-Lot has sold a significant volume of the Parmesan Cheese in the District of Columbia.

29.     Save-A-Lot has marketed, advertised, and sold the Parmesan Cheese directly and/or indirectly (through websites and Save-A-Lot stores) to the general public of the District of Columbia.

30.     The packaging of the Parmesan Cheese is inherently deceptive as detailed herein and therefore contrary to the expectations imparted by Defendant through its representations and omissions to consumers, including Gloria Hackman.

31.     Plaintiff acts for the benefit of the General Public as a Private Attorney General for claims in this action arising under the DCCPPA, which expressly authorizes an individual to act "on behalf of both the individual and the general public ... seeking relief from the use of a trade practice in violation of a law of the District when that trade practice involves consumer goods or services that the individual purchased...." D.C. Code § 28-3905(k)(1)(B).

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this class action pursuant to D.C. Super. Ct. R. Civ. P. 23 and case

law there under on behalf of herself and all others similarly situated.

33.     The Class is defined as: All individuals and entities in the District of Columbia who purchased Save-A-Lot's "100% Grated Parmesan Cheese." Excluded from the Class and Subclass are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Save-A-Lot and its subsidiaries and affiliates; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

34.     *Numerosity*: the Class is comprised of at least hundreds of purchasers of the Parmesan Cheese throughout the District of Columbia, making joinder impractical. Moreover, the Class is composed of an easily ascertainable, self-identifying set of individuals and entities who purchased Parmesan Cheese. The members of the Class are so numerous that joinder of all members is impracticable.  The precise number of Class members can only be ascertained through discovery, which includes Defendant's sales, testing, and complaint records.  The disposition of their claims through a class action will benefit both the parties and this Court.

35.     *Commonality*: The critical question of law and fact common to the Plaintiff Class that will materially advance the litigation is whether the Parmesan Cheese contains filler including cellulose, contrary to the expectations imparted by Defendant through its representations and omissions. Furthermore, other questions of law and fact common to the Class that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class include the following:

a.     Whether Defendant knew or should have known of the presence of cellulose;

b.     Whether Defendant concealed from consumers and/or failed to disclose to consumers the presence of cellulose;

c.     Whether Defendant breached the express warranty given to Plaintiff and the Class;

d.   Whether Defendant breached the implied warranty of merchantability;

e.   Whether Plaintiff and the Class are entitled to compensatory damages, including, among other things the failure of consideration in connection with and/or difference in value arising out of the variance between the Parmesan Cheese as warranted and the Parmesan Cheese containing the cellulose;

f.   Whether Plaintiff and the Class are entitled to restitution and/or disgorgement;

g.   Whether the Class would have purchased their Parmesan Cheese, or whether they would have paid a lower price for them, had they known of the presence of cellulose in the Parmesan Cheese.

36.   *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of Defendant's conduct in developing, marketing, advertising, warranting, and selling the Parmesan Cheese and Defendant's conduct in concealing the cellulose in the Parmesan Cheese to purchasers.

37.   *Adequate Representation*: Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiff has retained counsel experienced in the prosecution of complex class actions, including but not limited to consumer class actions involving, *inter alia*, product misrepresentation, breach of warranties and defective products.

38.   *Predominance*: This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class members be required to bring separate actions, this Court

would be confronted with a multiplicity of lawsuits burdening the court system while also

creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on

a case-by-case basis, in which inconsistent results will magnify the delay and expense to all

parties and the court system, this class action presents far fewer management difficulties while

providing unitary adjudication, economics of scale and comprehensive supervision by a single

court.

### UNLAWFUL AND DECEPTIVE TRADE PRACTICE – DC Code § 28-3905
#### Count I
(Brought Individually, on Behalf of the Class and on Behalf of the General Public of
the District of Columbia)

39.     Each of the preceding paragraphs is incorporated by reference herein.

40.     Plaintiff Gloria Hackman on behalf of herself as an individual, on behalf of all

others similarly situated and on behalf of the general public file this action pursuant to D.C. Code

§ 28-3905(k).

41.     Save-A-Lot's sale of the Parmesan Cheese with cellulose as filler, and in direct

contradiction to its representation that the Parmesan Cheese is "100% Grated Parmesan Cheese"

is an unlawful and deceptive trade practice pursuant to DC Code § 28-3904 in that Defendant:

   a. Misrepresents a material fact regarding the product's contents that tends to mislead by
      stating that the product is 100% Grated Parmesan Cheese;

   b. Fails to state a material fact regarding the product's contents that tends to mislead by
      omitting that the product contains cellulose;

   c. Uses innuendo or ambiguity as to a material fact regarding the product's contents,
      which has a tendency to mislead by stating that the product is 100% Grated Parmesan
      Cheese;

   d. Represents that goods or services have a source, sponsorship, approval, certification,

accessories, characteristics, ingredients, uses, benefits, or quantities that they do not

have;

e. Sells consumer goods in a condition or manner not consistent with that warranted by

operation of sections 28:2-312 through 318 of the District of Columbia Official Code,

or by operation or requirement of federal law;

f. Otherwise misleads.

42.    These material misrepresentations affect the general public's ability to comparison

shop by materially misleading about the contents and quality of the Parmesan Cheese.

43.    Defendant intentionally made these misrepresentations knowing that they had the

tendency to mislead consumers, such as Gloria Hackman.

44.    Sale of the Parmesan Cheese with cellulose, and in direct contradiction to the

representation that it is 100% parmesan cheese, constitutes an unfair trade practice.

45.    As a result of this unfair and deceptive trade practice, Gloria Hackman seek actual

damages, statutory damages, punitive damages, injunctive relief, and reasonable attorney's fees

for herself and all others similarly situated.

## BREACH OF EXPRESS WARRANTY
### Count II
### (Brought Individually and on Behalf of the Class)

46.    Each of the preceding paragraphs is incorporated by reference herein.

47.    Save-A-Lot expressly warranted that the Parmesan Cheese was 100% parmesan

cheese.

48.    Save-A-Lot also extended express warranting to consumers, including Plaintiff and

the Class, by way of product descriptions and representations as to product qualities and

characteristics made in sales literature at Save-A-Lot retail locations, on its website, and via advertisements, among other methods.

49.     The Parmesan Cheese is not 100% parmesan cheese and contains cellulose as filler.

50.     At the time that Save-A-Lot made express warranties to Plaintiff and the Class, Save-A-Lot knew that the Parmesan Cheese had cellulose used as filler.  Nevertheless, Save-A-Lot continued to place the defective product on the market and failed and omitted to inform its customers, including Plaintiff and class members of its defective nature.

51.     Save-A-Lot's failure to remedy the defective nature of the Parmesan Cheese constitutes a breach of express warranty.

52.     The foregoing breaches of express warranty at issue were substantial factors in causing damages to Plaintiff and the Class.

53.     If members of the Class had known the true facts about cellulose in the Parmesan Cheese, they would have considered that information material in their decisions to purchase the Parmesan Cheese.

54.     Plaintiff and members of the Class are entitled to the full remedies provided under Article 2 of the Uniform Commercial Code as adopted by the District of Columbia as well as all other applicable remedies.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Brought Individually and on Behalf of the Class)

55.     Each of the preceding paragraphs is incorporated by reference herein.

56.     Defendant is a merchant who sold the Parmesan Cheese to Plaintiff and the Class for personal use.

57.     The Parmesan Cheese bears a label with a promise and affirmation of fact that it is 100 percent parmesan cheese.

58.     The Parmesan Cheese, however, contains cellulose as filler, breaching the implied warranty of merchantability.

59.     The foregoing breach of the implied warranty at issue were substantial factors in causing damages to Plaintiff and the Class.

60.     If members of the Class had known the true facts about cellulose in the Parmesan Cheese, they would have considered that information material in their decisions to purchase the Parmesan Cheese.

61.     Plaintiff and members of the Class are entitled to the full remedies provided under Article 2 of the Uniform Commercial Code as adopted by the District of Columbia as well as all other applicable remedies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gloria Hackman, on behalf of herself, all others similarly situated and the general public of the District of Columbia, pray for a judgment against Defendant as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in D.C. Super. Ct. R. Civ. P. 23(a), (b)(2) and/or (b)(3);

B.     Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.     Entering judgment in favor of Plaintiff, the Class and the general public of the District of Columbia and against Defendant for all compensatory, individual and class damages;

D.    Granting Plaintiff, the Class and the general public of the District of Columbia treble damages or statutory damages, whichever is greater;

E.    Granting Plaintiff her costs of prosecuting this action, including attorneys' fees, experts' fees and costs together with interest; and

F.    Granting an injunction against Save-A-Lot that it be barred from producing, manufacturing, packaging and/or selling its Parmesan Cheese with cellulose in the District of Columbia; and

H.    Granting such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 27, 2016

Respectfully submitted,

MIGLIACCIO & RATHOD LLP

*Jason S. Rathod*

Nicholas A. Migliaccio, Esq.,
(Bar No. 484366)
Jason S. Rathod
(Bar No. 1000882)
412 H St NE, Suite 302
Washington, DC 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

NIDEL LAW, P.L.L.C.
Christopher T. Nidel, Esq.,

(Bar No. 497059)
1615 New Hampshire Ave, NW
Washington, DC 20009
Tel: 202-558-2030 (Tel.)
chris@nidellaw.com



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

GLORIA HACKMAN
Vs.                                           C.A. No.        2016 CA 003174 B
SAVE-A-LOT, LTD.

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JENNIFER A DI TORO
Date:   April 28, 2016
Initial Conference: 9:30 am, Friday, July 29, 2016
Location:   Courtroom A-47
            515 5th Street NW

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc